21544.  PITTS *et al. v.* FIRST NATIONAL BANK OF VALDOSTA.

STEPHENS, J.  1. A petition which alleges damage to the plaintiffs in the deterioration of their property, which was a tobacco crop, by reason of its being neglected and not properly cared for after it had been levied upon by a levying officer, who was other than the defendant, to satisfy a distress warrant for rent sued out by the defendant against the plaintiff, fails to show any tortious act of the defendant causing the damage, where it does not allege that the property had ever been in the custody or control of the defendant or that the defendant in any way caused the person or persons having the care and control of the property to neglect it and fail to properly care for it.  Where in the petition it is alleged that the distress warrant was levied by "the officers," and that "by virtue of said legal process the said defendant not only levied said distress warrant, but closed the doors of the barn that housed said tobacco, refusing to let petitioners handle or manage same in any particular," the allegation that the "defendant not only levied said distress warrant, but closed the doors of the barn," when construed most strongly against the petitioners, as must be done for the purpose of demurrer, must be construed as alleging that by the levy itself, which was necessarily made by the levying officers, the doors of the barn were closed and that therefore the doors were closed by the levying officers.

2. Where it is alleged in the petition that the distress warrant was "levied by the officers" of the county, a further allegation in the petition that the property levied upon should have been cared for by the defendant, "as it was in [the defendant's] sole possession," was, in the absence of any facts showing that the defendant, after the property was levied upon, acquired possession of it, but a conclusion of the pleader that the property, after it was levied upon, was in the defendants' possession.

3. The petition set out no cause of action, and the demurrer thereto was properly sustained.

*Judgment affirmed.  Jenkins, P. J.,* and *Bell, J.,* concur.

DECIDED FEBRUARY 18, 1932.

*S. B. McCall, J. B. Tomlinson, W. A. Morgan,* for plaintiffs.
*Copeland & Dukes,* for defendant.